IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                          5:06cr46/RS
                                                             5:07cv214/RS/MD

MIKOLA MAURICE BOWDEN

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 55). The government has filed a response (doc. 60) in which it concedes that defendant is entitled to partial relief and the defendant has filed a reply (doc. 67). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After review of the record and the arguments presented, it is the opinion of the undersigned that defendant should be resentenced such that he may timely pursue an appeal, and that his remaining claims should be dismissed without prejudice to their reassertion, if appropriate, upon conclusion of his direct appeal or other proceedings.

**I. BACKGROUND**

Defendant was charged in a single count indictment with possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii). The facts of the offense conduct are fully set forth in the defendant's pre-sentence investigation report and the government's response and need not be repeated here as they have no bearing on the issue of counsel's failure to file an appeal.

Following the withdrawal of previously appointed counsel, Christopher N. Patterson was appointed to represent the defendant.  Defendant advised counsel that he wanted to enter into a plea and cooperation agreement with the government in an attempt to obtain a reduced sentence.  (Doc. 60, exh. 1 at 2).  Counsel sent his client a letter on June 29, 2006 advising him of what to expect during the plea colloquy and reminding him of his rights, including a limited right to appeal.  (Doc. 60, exh. 1 at 12-13).  A Notice of Enhancement was filed on July 5, 2006 (doc. 21) and defendant entered a guilty plea pursuant to a written plea and cooperation agreement on July 13, 2006.  (Doc. 23 & 24).  The plea agreement made clear that defendant would be subject to a mandatory minimum sentence of life imprisonment if the court found he had two prior qualifying felony drug convictions, and the court verified defendant's understanding of this during the plea colloquy.  (Doc. 23 at 2; doc. 46 at 9, 15).  At sentencing, the defendant admitted that he had been convicted of the two offenses alleged in the Notice of Enhancement.  (Doc. 45 at 4-5).  He was sentenced to a term of life imprisonment, and the court advised him of his right to appeal, including the fact that the clerk would immediately file a notice of appeal on his behalf upon his request.  (Doc. 45 at 7,10).  Defendant indicated he understood.  No appeal was filed.

Counsel received a letter from defendant's mother on November 13, 2006, postmarked November 10, 2006 containing two letters written by the defendant on October 12, 2006 and November 4, 2006 along with an envelope misaddressed to counsel's former law office.  (Doc. 60, exh. 1 at 35, 38-40).  The defendant's letter dated October 12, 2006, the day after sentencing, requested that counsel file an appeal.  (Doc. 60, exh. 1 at 35, 40). On November 14, 2006, counsel wrote to the defendant asking him to clarify his intentions with respect to the appeal before counsel moved to file the appeal out of time.  (Doc. 60, exh. 1 at 35-36).  Counsel met with defendant on November 27, 2006 at the Bay County Jail annex to discuss defendant's intentions and advised defendant that he saw no good faith basis in an appeal.  (Doc. 60, exh. 1 at 3). He further told his client that by pursuing an appeal, defendant might alienate the government in his cooperation efforts and advised

the defendant that he could potentially seek redress if he could demonstrate ineffective assistance of counsel by Patterson. (*Id.*).

On December 5, 2006, counsel received a letter from defendant that had been mailed on December 1, 2006. (Doc. 60, exh. 1 at 43). Defendant wrote: "I, Mikola Bowden am writing you to tell you to file appeal for post convictions." Counsel replied, stating "I understand from your letter you do not wish to appeal your judgment (issue of your guilt) and sentence in this case. I also understand you do wish to file for post conviction relief . . . If this is not a correct understanding on my part, please write me." (Doc. 60, exh. 1 at 42). Counsel never received a reply. (Doc. 60, exh. 1 at 4).

Defendant filed a pro se notice of appeal with the court on April 26, 2007 (doc. 30), which included a three page letter to the district court claiming that he requested counsel to file an appeal on the date of sentencing, and that he followed up with his written request the next day. (Doc. 30 at 2-4). Defendant explained to the court that the letter dated October 12, 2006 had been misaddressed because he used an old phonebook at the jail to find counsel's mailing address. That appeal was dismissed on May 31, 2007 for lack of jurisdiction. (Doc. 43).

In the instant motion, filed on September 5, 2007, defendant raises five grounds for relief. He claims that counsel was constitutionally ineffective because he failed to file an appeal, as defendant had requested he do at sentencing. He also claims ineffective assistance of counsel with respect to a failure to investigate whether his prior convictions were qualifying convictions under 21 U.S.C. § 851, failure to challenge the drug weight for which he was held accountable, failure to challenge evidence seized during a 911 call, and ineffective assistance of counsel "as to the taking of the plea knowingly and intelligently as advised by counsel." Only his first claim will be discussed in the instant recommendation.

## II. LEGAL ANALYSIS

If a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) (citing

*Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)).  Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated appeal.  *Id.*; *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).

In this case, defendant claims in his § 2255 motion and in his April 21, 2007 letter to the court that he requested counsel to file an appeal <u>at sentencing</u>.  (Doc. 55 at 5, doc. 30 at 2-4).  Counsel understood, as evidenced by his response to an inquiry by the Florida Bar, that at sentencing his client advised him that he wanted to forego an appeal in order to continue his efforts to cooperate with the government.  (Doc. 60, exh. 1 at 3, 35).  It was not until counsel received the correspondence forwarded by defendant's mother on November 13, 2006 did he become aware that defendant was considering an appeal. (Doc. 60, exh. 1 at 3, 40; doc. 30 at 5-6).

What defendant did or did not say to counsel at the October 11, 2006 sentencing hearing is in dispute.  However, the government states that because it cannot refute the defendant's claim that he timely requested in writing on October 12, 2006 that counsel file an appeal, and it likewise cannot disprove the defendant's explanation of how this directive was misaddressed and therefore not received by counsel, "the equities of this situation require that the defendant be allowed to file an out-of-time appeal" regardless of whether viable issues exist upon which to base an appeal.  The undersigned agrees.

The Eleventh Circuit has stated that the proper procedure when an out-of-time appeal is warranted is:  (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(I).  *United States v. Phillips,* 225 F.3d 1198, 1201 (11th Cir. 2000); *United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2005).

Defendant's remaining claims should be dismissed without prejudice to their reassertion, if appropriate, upon conclusion of his direct appeal.  See *McIver v. United States*, 307 F.3d 1327, 1331, n2 (11th Cir. 2002).  An order granting a § 2255 petition, and reimposing sentence, will reset to zero the counter of collateral attacks pursued and will not render subsequent collateral proceedings "second or successive."  *McIver*, 307 F.3d at 1332 (quoting *Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998)).


Based on the foregoing, it is respectfully RECOMMENDED:

That the motion to vacate, set aside, or correct sentence (doc. 55)  be GRANTED to the extent that defendant's criminal judgment be vacated and he be resentenced such that he may timely file a notice of appeal from the re-imposed sentence with the assistance of appointed counsel; and

That claims two through five of defendant's motion to vacate be dismissed without prejudice to their reassertion, if appropriate, upon the conclusion of any further proceedings.

At Pensacola, Florida, this 3rd day of March, 2008.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:06cr46/RS; 5:07cv314/RS/MD*